## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHARLES DOUGLAS,

      Plaintiff

-v-

MICHIGAN BELL TELEPHONE
COMPANY d/b/a AT&T,

      Defendant,

Case No. 2:22-cv-10046
Hon. Terrence G. Berg
Mag. Judge Curtis Ivy, Jr.

_____

Teresa J. Gorman (P61001)
TERESA J. GORMAN PLLC
5700 Crooks Road, Suite 200
Troy. Michigan 48098
terigorman@aol.com
Tel:   (248) 763-6943
Fax:   (248) 689-3268
*Attorneys for Plaintiff*

Charlotte Croson (P56589)
CROSON TAUB & MICHAELS
PLLC
455 E. Eisenhower Pkwy, Ste. 75
Ann Arbor, Michigan 48108-3335
ccroson@ctmlawyers.com
Tel:   (734) 519-0873
Fax:   (734) 519-0876
*Attorneys for Plaintiff*

Jaclyn R. Giffen (P75315)
Saniya Khare (P83020)
LITTLER MENDELSON, P.C.
200 Renaissance Center, Suite 3110
Detroit, Michigan 48243
jgiffen@littler.com
skhare@littler.com
Tel:   (313) 446-6400
Fax:   (313) 446-6405
*Attorneys for Defendant*

_____

## STIPULATED PROTECTIVE ORDER

      Whereas, parties and non-parties to this action ("Litigation"), have been or

may be requested in the course of discovery or other proceedings to produce or

disclose testimony, documents, or other information ("Discovery Material") that is considered private, confidential, or proprietary, including but not limited to personnel files, medical and mental health records, and tax records;

WHEREAS, Plaintiff Charles Douglas and Defendant Michigan Bell Telephone Company have agreed, by their undersigned attorneys, to set forth procedures for, and rules governing, the use of such Discovery Material;

1.      IT IS ORDERED that all Discovery Material produced in discovery in the Litigation shall be used solely for purposes of the Litigation and for no other purpose. If, in the course of discovery or other proceedings in this action, Defendant or Plaintiff or any party to the Litigation, or any third party discloses Discovery Material it deems private, confidential, or proprietary, the producing entity may designate such Discovery Material as "Confidential."   Discovery Material designated as Confidential, and all copies, summaries, or extracts thereof, shall be referred to herein as "Confidential Material," and shall be subject to all the terms of this Stipulation and Protective Order ("Order").

2.      Documents may be designated Confidential by stamping each page of the document with the legend "Confidential." Deposition testimony may be designated Confidential by so indicating orally on the record during the deposition, or by subsequent designation in writing by the deponent or his/her attorney. The

2

designated pages of the transcript of any such deposition shall be marked by the court reporter with the legend "Confidential."

3.     Any person in possession of Confidential Material shall maintain it in a secure manner so as to avoid disclosure of its contents in any manner not permitted by this Order.

4.     Confidential Material shall not be disclosed, except as provided in paragraph 5 below, except upon prior written consent of the designating party.

5.     Confidential Material may be disclosed only to the extent reasonably necessary for the conduct of the Litigation and only to the following:

(a)     the Court (including any appellate court) and Court personnel;

(b)     court reporters in connection with the taking of a deposition or the transcription of court proceedings;

(c)     attorneys (including in-house and outside counsel) of the parties to the Litigation (or the corporate parent of a party to the Litigation) who are directly involved in the Litigation and such attorneys' employees who are directly involved in the Litigation.

(d)     parties to the Litigation and their officers, directors, trustees, and employees of the corporate parent of a party to the Litigation who are directly involved in assisting or supervising the attorneys, officers, or employees in connection with the Litigation.

(e)     the creator and addressees of such Confidential Material and persons who received a copy thereof prior to its production in the Litigation;

(f)     experts, advisors, consultants, and other persons engaged to assist directly in the Litigation;

(g)     Mediators, facilitators, and/or case evaluators.

6.     With respect to persons specified in paragraph 5(e) and (f) above, any testimony concerning Confidential Material shall itself be deemed Confidential Material.

7.     In the event that counsel for any signatory to this Order at any time believes that Confidential Material should cease to be so designated, such counsel shall so notify counsel for the designating party. Counsel for the challenging and designating parties shall confer in good faith within ten business days of such notification in an effort to resolve the matter by agreement. If agreement is not reached within ten business days thereafter, the designating party shall have the burden of moving and may move upon proper notice within thirty days to obtain an appropriate protective order. In the event that such a motion is made, any disputed Confidential Material shall remain subject to and protected by this Order until such motion is resolved.

8.     Compliance with the terms of the Order shall not be deemed an admission that any Discovery Material is not otherwise protected from disclosure or admissible in evidence and shall not constitute a waiver of the right of any person to object to the production of any Discovery Material for any reason whatsoever. This Order shall in no way make non-discoverable materials and information, discoverable.

4

9.     This Order shall have no effect upon a designating party's use of its own Confidential Material.

10.     The inadvertent failure to designate Discovery Material Confidential shall be corrected by supplemental written notice to the receiving party as soon as practicable, and the receiving party shall make all reasonable efforts to retrieve all copies, if any, of such documents disclosed to persons other than those listed in paragraph 5 hereof and to prevent further use or disclosure of Confidential information contained therein by such persons.

11.     If any person in possession of Confidential Material is served with any legal process or other request seeking production of such material, such person shall give the designating party (a) prompt written notice of the receipt of such request; (b) a copy of any proposed response to such request at least two business days prior to furnishing such response, and (c) written notice of any hearing or other proceeding relating to such request at least five business days prior to such hearing or other proceeding (unless such person receives less than five business days' notice, in which event notice shall be given the same day as such person receives notice). Nothing herein shall be construed as requiring the person served with any legal process or other request seeking production of Confidential Material to refuse to comply with its legal obligations regarding such process or request.

12.     Nothing in this Order shall be deemed in any way to restrict the use of Discovery Material that is publicly available or has been legally obtained independent of formal discovery in the Litigation, whether or not the same material has also been obtained through formal discovery in the Litigation.

13.     To the extent that there is any conflict between the terms of this Order and rules of the Court, the rules of the Court will govern.

14.     Following the termination of this action and any related proceedings and appeals, upon request of the designating party, any person in possession of Confidential Material shall either (1) return such material to counsel for the designating party; or (2) certify to counsel for the designating party that all such material and copies, summaries, and extracts thereof have been destroyed, provided, however, that the signatories to this Order and their counsel may retain copies of attorney work-product and briefs, pleadings, and other papers filed with or sent to the Court that incorporate, append, or refer to Confidential Material, with such papers remaining subject to the terms and conditions of this Order. Return of material or certification will occur within 30-days of the request.

15.     In the event that any person shall violate or threaten to violate any of the terms of the Order, the aggrieved party may seek an appropriate remedy from the Court, and no signatory to this Order shall raise as a defense to a request for injunctive relief that the aggrieved party possesses an adequate remedy at law.

16.    The terms of this Order shall be effective, and the parties and their counsel shall be bound by the terms of this Order on the date the Order is signed by the parties' counsel.

17.    The terms of this Order shall not terminate at the conclusion of the Litigation however it shall not apply to any testimony, documents or materials that have been introduced at trial or in any hearing to the extent such material was not deemed Confidential at such trial or hearing.

18.    Prior to the time this Order is entered by the Court, Confidential Material shall be subject to the terms of this Order to the same extent as though the Order has been entered by the Court.

19.    The parties reserve the right to challenge any confidential and/or proprietary designation. In the event of such a challenge, it shall be the burden of the party asserting the "Confidential" designation to demonstrate that good cause exists for the designation, pursuant to Fed. R. Civ. P. 26(c)(1).

20.    This order does not authorize the filing of any documents or other matter under seal.  Documents or other matter may be sealed only if authorized by statute, rule, or order of the Court.  A party seeking to file such items under seal shall comply with all requirements of E.D. Mich. LR 5.3 and practice guidelines of the presiding Judge including, but not limited to, file and serve a motion that sets forth (i) the authority for sealing; (ii) an identification and description of each item

7

proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that means other than sealing are not available or unsatisfactory to preserve the interest advanced by the movant in support of sealing; (v) a memorandum of legal authority supporting sealing. Further, the entire pleading, paper, exhibit, etc. may not be filed under seal. Only the portion of the document(s) which are not to be publicly disclosed may be filed under seal. In such instances, the portion to be filed under seal requires an endorsement by the Court on a cover page. A party's presentment to the Court for the endorsement shall be accompanied by an explanation why the portion of the document(s) is confidential. A party shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

IT IS SO ORDERED.


Dated: September 16, 2022          /s/Terrence G. Berg
                                   Terrence G. Berg
                                   United States District Judge

## STIPULATION

We, on behalf of our clients, stipulate to the entry of this order.

/s/*Teresa J. Gorman*_____
Teresa J. Gorman (P61001)
TERESA J. GORMAN PLLC
5700 Crooks Road, Suite 200
Troy. Michigan 48098
terigorman@aol.com
Tel:   (248) 763-6943
Fax:   (248) 689-3268
*Attorneys for Plaintiff*


/s/*Charlotte Croson*_____
Charlotte Croson (P56589)
CROSON TAUB & MICHAELS
PLLC
455 E. Eisenhower Pkwy, Ste. 75
Ann Arbor, Michigan 48108-3335
ccroson@ctmlawyers.com
Tel:   (734) 519-0873
Fax:   (734) 519-0876
*Attorneys for Plaintiff*

/s/*Jaclyn R. Giffen* (w/permission)_
Jaclyn R. Giffen (P75315)
Saniya Khare (P83020)
LITTLER MENDELSON, P.C.
200 Renaissance Center, Suite 3110
Detroit, Michigan 48243
jgiffen@littler.com
skhare@littler.com
Tel:   (313) 446-6400
Fax:   (313) 446-6405
*Attorneys for Defendant*

Dated:  September 15, 2022